The document below is hereby signed.

Signed: March 8, 2018



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARTHA AKERS, | ) | Case No. 16-00600 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JOHN P. FITZGERALD, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 17-10034 |
| MARTHA AKERS, | ) | |
| | ) | Not for publication in |
| Defendant. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER STRIKING NOTICE OF
CONSTITUTIONAL QUESTION AND REMOVAL TO DISTRICT COURT

On February 13, 2018, the debtor filed a _Notice of Constitutional Question and Removal to District Court_ (Dkt. No. 21). The _Notice_ includes (at page 1) a request for removal of Adversary Proceeding No. 17-10034 and (at page 4) a request "for revision of the Remand Order."[1] However, under Fed. R. Bankr. P.

---

[1] The Clerk docketed the _Notice_ in both the main bankruptcy case, Case No. 16-00600 and in this Adversary Proceeding No. 17-10034.

9013, a request for an order requires the filing of a motion, not a notice.

I

To the extent that the *Notice* is seeking removal of Adversary Proceeding No. 17-10034 to the District Court, a notice of removal is not the proper procedure for having a matter heard in the District Court instead of the Bankruptcy Court.  Instead, the procedure is to file a motion for withdrawal of the reference under District Court Local Bankruptcy Rule 5011-2.  The *Notice* does not suffice to alert anyone, including any party and the Clerk's office, that a motion for withdrawal of the reference is being pursued.

Even if the *Notice* were titled a motion to withdraw the reference, it does not comply with District Court Local Bankruptcy Rule 5011-2, which requires that a motion to withdraw the reference be accompanied by the required filing fee (a fee of $181 imposed by item 19 of the Bankruptcy Court Miscellaneous Fee Schedule), and that the motion include (among other things):

> (4) a copy of the docket sheet of the case or proceeding for which withdrawal of the reference is requested;
> (5) a separate list of any documents filed in the Bankruptcy Court that are relevant to the motion for withdrawal of the reference, including the date of filing, the document number, and the title of each such document; and
> (6) copies of the listed relevant documents (other than documents that were filed under seal), appended to the list in chronological sequence, with each document to bear the Electronic Case Filing header showing the

    document number and date of filing in the Bankruptcy Court.

In addition, under District Court Local Bankruptcy Rule 5011-3, "(4) The motion to withdraw the reference . . . must include a proposed order captioned for the District Court and complying with LCvR 7(k)."

II

The *Notice* additionally seeks revision of an unidentified "Remand Order." If it had been pursued as a motion, the *Notice* is deficient for failing to identify the "Remand Order." There has only been one remand order in the bankruptcy case, the *Order Remanding Removed Eviction Proceeding to the Superior Court* entered on August 3, 2017, in *1368 H Street LLC v. Akers*, Adversary Proceeding No. 17-10017 (another adversary proceeding brought in the bankruptcy case). A motion to revise that order ought to be pursued in Adversary Proceeding No. 17-10017, and not be included in a motion concerning this Adversary Proceeding No. 17-10034.

III

    For all of these reasons, it is

    ORDERED that the *Notice of Constitutional Question and Removal to District Court* (Dkt. No. 21) is STRICKEN without prejudice to the debtor's seeking relief in a procedurally correct fashion.

                                                [Signed and dated above.]

Copies to: Recipients of e-notification of orders; debtor (by hand-mail); debtor (held at the clerk's office, directed to the debtor's attention).