The document below is hereby signed.

Signed: March 8, 2018



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARTHA AKERS, | ) | Case No. 16-00600 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JOHN P. FITZGERALD, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 17-10034 |
| MARTHA AKERS, | ) | |
| | ) | Not for publication in |
| Defendant. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER STRIKING NOTICES OF REMOVAL

In her *Amended Notice of Removal* the debtor asserts that by way of the *Amended Notice of Removal* this adversary proceeding, in which the plaintiff seeks to deny the debtor a discharge, is automatically removed to the District Court under 28 U.S.C. 1441, *et seq.* I will strike the *Amended Notice of Removal* because the removal statutes do not apply to an adversary proceeding already pending in the Bankruptcy Court as a unit of the District Court.

First, 28 U.S.C. § 1441 deals with only removal of "a civil action brought in a State court." The adversary proceeding was not brought in a State court.

Second, 28 U.S.C. § 1452 (the only other removal statute of possible relevance) relates to civil actions over which the District Court has jurisdiction under 28 U.S.C. § 1334. The adversary proceeding, seeking to deny the debtor a discharge under 11 U.S.C. § 727(a), is one arising under the Bankruptcy Code, and is thus one over which the District Court has jurisdiction under 28 U.S.C. § 1334(b). However, under District Court Local Bankruptcy Rule ("DCt.LBR") 5011-1(a), as authorized by 28 U.S.C. § 157(a), the adversary proceeding has been referred to the Bankruptcy Court, which under 28 U.S.C. § 151 serves as a unit of the District Court. The subject matter jurisdiction that the Bankruptcy Court is exercising over the proceeding is that of the District Court under 28 U.S.C. § 1334(b). In other words, the exercise of the jurisdiction of the District Court over the proceeding is already in place. The removal statute is inapplicable to a proceeding over which the District Court's subject matter jurisdiction is already being exercised. Filing a notice of removal has accomplished nothing.

In any event, DCt.LBR 5011-1(b) provides in pertinent part:

> The referral pursuant to paragraph (a) of proceedings to the bankruptcy judges of this District includes any civil action (or claim or cause of action in a civil action) removed on the basis that the District Court has

jurisdiction over the civil action under 28 U.S.C. § 1334.

As the *Comment* to DCt.LBR 5011-1 explains:

> Paragraph (b) clarifies that civil actions removed under 28 U.S.C. § 1452(a) (or under the more general removal provision of 28 U.S.C. § 1441(a)) on the basis that the District Court has jurisdiction over the civil action pursuant to the bankruptcy jurisdiction statute, 28 U.S.C. § 1334, are referred to the Bankruptcy Court.

Accordingly, even if (which is not the case) the *Amended Notice of Removal* could be viewed as removing the adversary proceeding to the District Court, it would accomplish nothing because the removed proceeding would be referred to the Bankruptcy Court by DCt.LBR 5011-1.

Because the removal statutes do not apply to a proceeding already pending in the Bankruptcy Court as a unit of the District Court and because nothing is served by the *Amended Notice of Removal* (or by the *Notice of Removal* (Dkt. No. 22) which was thereby amended), it is

ORDERED that the *Amended Notice of Removal* (Dkt. No. 23) and the *Notice of Removal* (Dkt. No. 22) are STRICKEN.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders; debtor (by hand-mail); debtor (held at the clerk's office, directed to the debtor's attention).